David J. McGlothlin, Esq. (SBN 026059)
david@southwestlitigation.com
**Hyde & Swigart**
2633 E. Indian School Road, Ste. 460
Phoenix, AZ 85016
Telephone: (602) 265-3332
Facsimile:  (602) 230-4482

Ryan L. McBride, Esq. (SBN 032001)
ryan@kazlg.com
**Kazerouni Law Group, APC**
2633 E. Indian School Road, Ste. 460
Phoenix, AZ 85016
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| **Natalia Cirincione,** <br><br> Plaintiff, <br><br> v. <br><br> **Equifax Information Services, LLC and Comenity Bank,** <br><br> Defendants. | Case No.: <br><br> **COMPLAINT FOR DAMAGES PURSUANT TO THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.** <br><br> **JURY TRIAL DEMANDED** |

### INTRODUCTION

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting.  Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods

undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy.  The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers.  The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. NATALIA CIRINCIONE ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of EQUIFAX INFORMATION SERVICES, LLC ("Equifax") and COMENITY BANK ("Comenity") (or jointly as "Defendants") with regard to erroneous reports of derogatory and negative credit information made by Defendants to national reporting agencies, and for failure of Defendants to properly investigate, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendants took place in Arizona.

6. Any violations by Defendants were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of Defendants' name in this Complaint

includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants' named.

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction because this case arises out of violation of federal law. 15 U.S.C. §1681 *et seq.*; 28 U.S.C. §1331; Jurisdiction arises for Plaintiff's supplemental state claims under 28 U.S.C. § 1367.

9. This action arises out of Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681(x) ("FCRA").

10. Venue is proper in the United States District Court for the District of Arizona pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Maricopa County, the State of Arizona and Defendants are subject to personal jurisdiction in the County of Maricopa, State of Arizona as they conduct business there, and the conduct giving rise to this action occurred in Arizona. 28 U.S.C. § 1391(b)(2).

## PARTIES

11. Plaintiff is a natural person residing in the County of Maricopa, State of Arizona. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

12. Defendant Equifax is a foreign limited liability company doing business in the State of Arizona.

13. Defendant Comenity is a bank doing business in the State of Arizona.

14. Defendant Comenity is a furnisher of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnishes information to a consumer credit reporting agency.

15. Defendant Equifax is a national credit reporting agency, doing business in Arizona, with a principal place of business in Georgia.

GENERAL ALLEGATIONS

16. At all times relevant, Plaintiff was an individual residing within the State of Arizona.

17. At all times relevant, Defendants conducted business in the State of Arizona.

18. On or about February 2, 2010, Plaintiff filed for a Chapter 13 Bankruptcy in the United States Bankruptcy Court for the District of Arizona in order to obtain a fresh start and rebuild her credit. Plaintiff's case was assigned Case Number 2:10-bk-02678-JMM (the "Bankruptcy").

19. The obligations ("Debt") to each defendant were scheduled in the Bankruptcy and Defendants, the Creditors, received notice of the Bankruptcy.

20. On or about May 13, 2015, Plaintiff received a Bankruptcy discharge.

21. None of the Defendants filed any proceedings to declare their Debt "non dischargeable" pursuant to 11 U.S.C. § 523 *et seq.*

22. Defendants also did not request relief from the "automatic stay" codified at 11 U.S.C. §362 *et seq.* while the Plaintiff's Bankruptcy was pending to pursue the Plaintiff on any *personal* liability for any of the underlying Debts.

23. Accordingly, the Debt to each defendant was discharged through the Bankruptcy.

24. Further, while the automatic stay was in effect during the Bankruptcy, it was illegal for any of the Defendants to report any post-Bankruptcy derogatory collection information.

25. Plaintiff was in a chapter 13 bankruptcy plan beginning February 2, 2010.

26. A chapter 13 plan alters obligations and creates new contractual obligations for the consumer filing for bankrupcty and their creditors.

27. Plaintiff was bound, as were Plaintiff's creditors, to the payment terms proposed and ordered by the court in Plaintiff's chapter 13 plan.

28. It was impossible for Plaintiff to be delinquent on any of Plaintiff's accounts included in her chapter 13 plan because Plaintiff was required to make

specific payments under the new contractual obligations through her chapter 13 plan.

29. During the interim pre-discharge bankruptcy period, Plaintiff paid all her creditors according to her chapter 13 plan and confirmation order.

30. Defendants' attempt to collect upon their respective Debt by reporting post-Bankruptcy derogatory information during Plaintiff's chapter 13 plan was therefore false or inaccurate and also prohibited by the automatic stay or Discharge.

31. Plaintiff subsequently learned that each of the named Defendants reported post-Bankruptcy derogatory credit information regarding the obligations on Plaintiff's credit reports, thereby causing erroneous, inaccurate, and negative credit information in Plaintiff's credit files.

32. The Consumer Data Industry Association ("CDIA") is an international trade association of corporate members involved in credit reporting and other consumer-related services.

33. To help furnishers comply with their requirements under the FCRA, the CDIA publishes standard guidelines for reporting data called the Metro 2 Format.

34. The Metro 2 Format guidelines for credit reporting are nearly identical for reports made during the "Months Between Petition Filed and BK Resolution" and after "Plan Completed." *See* CDIA Credit Reporting Resource Guide, page 6-20, 21.

35. Notably, the payment history and account status guidelines are the same, meaning that the payment history and account status should be reported the same way **both during and after** bankruptcy proceedings.   (emphasis added) *Id.*

36. The continued reporting of erroneous, inaccurate, and derogatory information negatively impacted Plaintiff's credit and her "fresh start".

### **Comenity Bank Misreported Credit Information**

37. In an Equifax credit report dated September 15, 2015, Comenity reported the following inaccurate, derogatory information:

- Account No. 32871****:  Post-bankruptcy information for the following dates: January 2013-December 2014 (Charge Off).

38. Comenity should not have reported derogatory information on Plaintiff's account after February 2, 2010, because Plaintiff filed for Bankruptcy on February 2, 2010.

39. On or about October 13, 2015, Plaintiff disputed Comenity's reported information regarding the Debt pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Equifax, in writing, of the incorrect and inaccurate credit information furnished by Comenity.

40. Specifically, Plaintiff sent a letter, certified, return receipt, to Equifax (the "Equifax Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed as follows:

- Account #32871****: This account was discharged in my Bankruptcy which was filed on 02/02/2010 and discharged 05/13/2015, bearing Case No. 2:10-bk-02678-JMM in the District for Arizona.  There should be no derogatory reporting after the filing date. Specifically, please remove the inaccurate, derogatory information for the following post-bankruptcy dates: January 2013-December 2014 (Charge Off); In addition, the account history section is showing balances owed during my Chapter 13 Bankruptcy, which were included in my wage earner plan so this is inaccurate.

41. The Equifax Dispute Letter further requested that Equifax:

• Immediately delete this account and the disputed derogatory information from my credit report.The discharged debt should be reported with an account balance of $0 with a status of "current".

• Further, there should be no post-bankruptcy activity reported on this account. The date of last activity on this account should pre-date my bankruptcy filing date, 02/02/2010, since a default on this account occurred no later than the Bankruptcy filing date.

• Any post-bankruptcy derogatory information should be immediately deleted from [Plaintiff's] report.

• If [Equifax] do[es] not immediately delete this from [Plaintiff's] credit report, please include a 100-word statement in my credit report of all of the disputed information contained in this letter regarding this account.

42. Upon information and belief, Equifax timely notified Comenity of Plaintiff's dispute, but Comenity continued reporting derogatory information.

43. Comenity and Equifax were required to conduct a reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

44. On or about October 29, 2015, Plaintiff received notification from Equifax that Comenity and Equifax received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6), and Defendants verified some of the disputed account information and/or failed to address all of the inaccurate information disputed by Plaintiff.

45. Surprisingly, rather than remove all the derogatory information from Plaintiff's report, Comenity and Equifax simply left derogatory information

on Plaintiff's report.   Specifically, Comenity and Equifax reported the following  inaccurate, derogatory information:

- Account #32871****: Post-bankruptcy information for the following dates: January 2013-December 2014 (Charge Off); February 2015 (Date Major Delinquency First Reported).

46. Reporting a Charge Off during the months of January 2013-December 2014 after Plaintiff filed for bankruptcy is inaccurate.

47. Comenity did not comply with CDIA's Metro 2 reporting standards when it reported post-bankruptcy information.

48. Plaintiff's account was not reported by Comenity as the Metro 2 Format instructs, making the reporting inaccurate.

49. Plaintiff was in a chapter 13 bankruptcy plan in and before January 2013-December 2014.

50. A chapter 13 plan alters obligations and creates new contractual obligations for the consumer filing and their creditors.

51. Plaintiff was bound, as was Comenity, to the payment terms proposed and order by the court in her chapter 13 plan.

52. It was impossible for Plaintiff to be delinquent on her Comenity account because Plaintiff was required to make payments under the new contractual obligations through her chapter 13 plan.

53. Thus, Comenity reporting that the account is a Charge Off after Plaintiff began her chapter 13 plan is blatantly inaccurate.

54. Also, a reporting of a "Date Major Delinquency First Reported" approximately five years after Plaintiff filed for bankruptcy is inaccurate.

55. In addition, Plaintiff made all her payments according to her chapter 13 plan and confirmation order, making any reporting of a "Charge Off" or a "Date Major Delinquency First Reported" after filing for bankruptcy inaccurate.

56. Comenity and Equifax, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

57. Comenity and Equifax failed to review all relevant information provided by Plaintiff in the dispute to Equifax, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

58. Due to Comenity and Equifax's failure to investigate, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

59. Plaintiff's continued efforts to correct Comenity and Equifax's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with Comenity and Equifax were fruitless.

60. Comenity and Equifax's continued inaccurate and negative reporting of the Debt in light of its knowledge of the actual error was willful.

61. Comenity and Equifax's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

62. By inaccurately reporting account information relating to the Debt after notice and confirmation of its errors, Comenity and Equifax failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

### FIRST CAUSE OF ACTION

### VIOLATION OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. § 1681 *ET SEQ.* (FCRA)

63. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

64. The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to

each and every one of the above-cited provisions of the FCRA, 15 U.S.C §
1681.

65. As a result of each and every willful violation of the FCRA, Plaintiff is
entitled to actual damages as the Court may allow pursuant to 15 U.S.C. §
1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);
punitive damages as the Court may allow pursuant to 15 U.S.C. §
1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C.
§ 1681n(a)(3) from Defendants.

66. As a result of each and every negligent noncompliance of the FCRA,
Plaintiff is entitled to actual damages as the Court may allow pursuant to 15
U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to
15 U.S.C. § 1681o(a)(2) from Defendants.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the Court grant Plaintiff the following relief
against Defendants:

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 ET SEQ. (FCRA)

- an award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);
- award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);
- an award of punitive damages as the Court may allow pursuant to 15
  U.S.C. § 1681n(a)(2);
- award of costs of litigation and reasonable attorney's fees, pursuant to 15
  U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendants
  for each incident of negligent noncompliance of the FCRA; and
- any other relief the Court may deem just and proper.

1

## TRIAL BY JURY

2

3   67. Pursuant to the seventh amendment to the Constitution of the United States

4       of America, Plaintiff is entitled to, and demands, a trial by jury.

5   Dated: February 11, 2016                          Respectfully submitted,

6

7                                          BY: /s/ RYAN L. MCBRIDE_____

8                                              RYAN L. MCBRIDE, ESQ.
                                               ATTORNEY FOR PLAINTIFF

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28